UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSHUA FIKES,<br>    Petitioner, | Case No. 1:24-cv-237 |
| vs. | Hopkins, J.<br>Bowman, M.J. |
| WARDEN, MARION<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Marion Correctional Institution, has filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 murder and weapons under disability convictions in the Hamilton County Court of Common Pleas Case No. B0506290. (*See* Doc. 1 at PageID 1). This matter is before the Court on respondent's motion to dismiss the petition for lack of jurisdiction. (Doc. 3).

For the reasons below, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

A.  BACKGROUND

**First Habeas Petition**

This is not the first habeas corpus petition filed by petitioner in this Court. In *Fikes v. Warden*, Case No. 1:10-cv-021 (S.D. Ohio Jan. 15, 2010) (Spiegel, J.; Litkovitz, M.J.), petitioner filed his first habeas corpus petition. *Id.*, Doc. 1. On February 8, 2012, the Court denied the petition, finding that petitioner's grounds for relief were procedurally defaulted or without merit. *Id.*, Doc. 16, 22. The Sixth Circuit Court of Appeals denied petitioner a certificate of appealability on April 18, 2013 and the United States Supreme Court subsequently denied

petitioner's petition for a writ of certiorari.  *See id.,* Doc. 29, 34.

## Second Habeas Petition

Petitioner filed a second habeas petition on November 24, 2020.  *See Fikes v. Warden*, Case No. 1:20-cv-955 (Cole, J.; Merz, M.J.) (S.D. Ohio Nov. 24, 2020).  Petitioner raised two grounds for relief, arguing that his trial counsel was ineffective for failing to request a jury instruction on voluntary manslaughter and for failing to inform petitioner of case law.  *See id.,* Doc. 1.  On April 9, 2021, the Court transferred the case to the Sixth Circuit Court of Appeals as a successive petition.  *Id.*, Doc. 11.  On October 29, 2021, the Sixth Circuit denied petitioner authorization to file a second or successive habeas petition.  *Id.*, Doc. 12.

## Sixth Circuit

Petitioner has since filed two additional applications for permission to file a second or successive habeas petition in the Sixth Circuit Court of Appeals.

On October 3, 2023, petitioner sought permission to file a habeas petition raising the following two grounds for relief:

> GROUND ONE: Petitioner was denied his right to a fundamentally fair trial in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), when the State suppressed police records of its only key witness['s] statement to police detectives that is both impeachment and exculpatory evidence.
>
> GROUND TWO: Petitioner was denied his right to a fundamentally fair trial in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), when the State used and did not correct perjured testimony.

*See id.*, Doc. 13 at PageID 85, 95.  On March 5, 2024, the Sixth Circuit denied petitioner's motion.  *Id.*, Doc. 14.  In particular, the Court of Appeals determined that the purportedly new evidence underlying petitioner's proposed grounds for relief was known to the defense at the

2

time of his trial. *Id.* at PageID 170-71.

On April 29, 2024, less than two months later, petitioner filed an additional motion for authorization to file a second or successive petition in the Sixth Circuit. *See Fikes v. Warden*, No. 24-3357 (6th Cir. Apr. 29, 2024). Petitioner raised the same two grounds for relief as those in his October 3, 2023 motion. On August 22, 2024 the Sixth Circuit Court of Appeals again denied petitioner authorization for a second or successive petition. *Id.*, Doc. 8.

Meanwhile, petitioner filed the instant habeas corpus petition, raising the following ground for relief:

> GROUND ONE: Petitioner was denied his right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, when trial counsel did not: request (1) an in camera inspection, (2) a continuance, or (3) a mistrial for the State's discovery violation and use of false testimony that it did not correct, and/or (4) use impeachment and exculpatory evidence that was not disclosed by the State in its response to Petitioner's demand for discovery, if trial counsel was shown or had in his possession such evidence.

(Doc. 1 at PageID 17). On July 19, 2024, respondent filed a motion to dismiss the petition as a second or successive petition. (Doc. 3).

In response to the motion, petitioner filed a motion to dismiss the petition without prejudice. (Doc. 4). Petitioner subsequently filed a motion to stay (Doc. 5), requesting that the Court stay the petition rather than dismiss it.

For the reasons that follow, because the undersigned concludes the Court does not have jurisdiction over the second or successive petition filed this case, it is recommended that the petition—along with petitioner's pending motions—be transferred to the Sixth Circuit Court of Appeals.

3

B.  ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). If the petition is second or successive, the district court lacks jurisdiction to review the petition on the

4

merits and must transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) (quoting *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010)).

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645. Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*,

whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).

A habeas corpus petition is not successive and § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood,* 561 U.S. at 331-39. A "new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015). *See also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

In this case, the undersigned concludes that the petition is "successive" within the meaning of § 2244(b). As detailed above, this is the third petition filed by petitioner in this

6

Court challenging his Hamilton County, Ohio convictions, petitioner's initial petition was dismissed on the merits, and petitioner is not contesting any "new judgment," such as a new sentence imposed on resentencing, that occurred between the habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010).

Because the petition is second or successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a second or successive habeas petition in the District Court without first obtaining authorization from the Court of Appeals, the District Court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *In re Smith¸*690 F.3d 809, 810, (6th Cir. 2012); *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b), respondent's motion (Doc. 3) be **GRANTED** to the extent that the petition, as well as petitioner's pending motions (Doc. 4, 5), be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

\

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOSHUA FIKES,
    Petitioner,

vs.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:24-cv-237

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).