IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSHUA FIKES, | : |
| *Plaintiff*, | : Case No. 1:24-cv-237 |
| vs. | : Judge Jeffery P. Hopkins |
| WARDEN, MARION CORRECTIONAL INSTITUTION, | : |
| *Defendant*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation issued by Chief Magistrate Judge Stephanie K. Bowman on February 5, 2025. Doc. 6. The Chief Magistrate Judge recommends that this matter be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254. Petitioner has filed objections. *See* Doc. 8. For the reasons explained below, Petitioner's objections are **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED**, and this matter shall be **TRANSFERRED** to the Sixth Circuit for further proceedings in accordance with this order.

**I.     BACKGROUND**

Petitioner Joshua Fikes was convicted of murder and weapons under disability charges in 2006 in the Hamilton County Court of Common Pleas. In the time since his convictions, Petitioner has filed several habeas petitions and has sought relief in the Sixth Circuit.

Petitioner filed his first habeas petition in this District on January 15, 2010. He alleged six grounds for relief in his petition. Upon review, the district court denied the petition because

Petitioner's grounds for relief were procedurally defaulted or without merit. *Fikes v. Warden*, No. 1:10-cv-21, 2011 WL 7168647, at *8–29 (S.D. Ohio May 16, 2011), *report and recommendation adopted*, 2012 WL 404768 (S.D. Ohio Feb. 8, 2012). The Sixth Circuit denied Petitioner a certificate of appealability on April 18, 2013, and the United States Supreme Court subsequently denied Petitioner's petition for a writ of certiorari on October 6, 2014.

Petitioner filed a successive petition in this District on November 24, 2020. In that petition, Petitioner asserted two grounds for relief. *Fikes v. Warden, Marion Corr. Inst.*, No. 1:20-cv-955-DRC-MRM, Doc. 1. The district court determined that Petitioner's petition was successive and issued an order of transfer on April 9, 2021. *Id.* at Doc. 11. The Sixth Circuit denied Petitioner authorization to file a second or successive habeas petition on October 29, 2021. *Id.* at Doc. 12. Then, after filing his first and second petitions, Petitioner filed two additional applications for permission to file a second or successive habeas petition in the Sixth Circuit. On October 3, 2023, Petitioner sought permission to file a habeas petition again raising two grounds for relief. *Id.* at Doc. 13, PageID 85, 95. The Sixth Circuit denied Petitioner's motion on March 5, 2024, having found that the purportedly new evidence underlying Petitioner's proposed grounds for relief was known to the defense at the time of his trial. *Id.* at Doc. 14, PageID 170–71. Undeterred by this result, in April of that same year, Petitioner filed another motion for authorization to file a second or successive petition in the Sixth Circuit. *See Fikes v. Warden*, No. 24-3357 (6th Cir. Apr. 29, 2024). He raised the same two grounds for relief as those in his previous motion. On August 22, 2024, the Sixth Circuit once again denied Petitioner authorization for a second or successive petition. *Id*. at Doc. 8.

In the midst of filing his motions in the Sixth Circuit, Petitioner filed his present petition in this Court on April 29, 2024, this time asserting one ground for relief:

2

> GROUND ONE: Petitioner was denied his right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, when trial counsel did not: request (1) an in camera inspection, (2) a continuance, or (3) a mistrial for the State's discovery violation and use of false testimony that it did not correct, and/or (4) use impeachment and exculpatory evidence that was not disclosed by the State in its response to Petitioner's demand for discovery, if trial counsel was shown or had in his possession such evidence.

Doc. 1-3, PageID 144. In response to his petition, the Warden filed a motion to dismiss the successive petition for lack of jurisdiction under the precedent set by *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Petitioner subsequently filed a motion asking this Court to dismiss his petition without prejudice so that he may exhaust his state court remedies, and not because his petition is successive. That motion was followed by another, wherein Petitioner asks this Court for a stay and to hold his petition in abeyance. *See* Docs. 4, 5. The Chief Magistrate Judge recommends that this Court grant the Warden's motion, in part, and transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 on the grounds that the present petition is second or successive. Petitioner has objected to the Magistrate Judge's R&R contending that his petition is not successive because it depends on evidence outside of the state-court record and was therefore not ripe for review when his first petition was filed. Doc. 8, PageID 294.

## II.     STANDARDS OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*, § 636(b)(1).

3

### III. LAW AND ANALYSIS

Federal habeas petitioners imprisoned on state convictions generally have "one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). From the district court's perspective, this means that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). And even if a claim was not presented in a prior application, that claim shall be dismissed unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Having duly considered Petitioner's objections under the limitations of 28 U.S.C. § 2244, the Court finds that the Chief Magistrate Judge correctly determined that his petition qualifies as one that is second or successive within the ambit of the statute and that accordingly he must first obtain authorization for consideration of his petition from the Sixth Circuit. 28 U.S.C. § 2244(b)(3). The petition undoubtedly relates to the same conviction under attack in Petitioner's first petition. And that prior petition was dismissed because Petitioner

4

procedurally defaulted his claims in state court resulting in a decision on the merits. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).

Petitioner objects to this conclusion on the basis that his petition raises a claim that was not ripe at the time his first petition was filed. Although Petitioner is correct that "a petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed," *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945–47 (2007)), this Court is not convinced that his claim qualifies as unripe. "A claim is unripe when 'the events giving rise to the claim had not yet occurred.'" *Id.* (quoting *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)). Petitioner argues that his claim depends on evidence that was outside of the state-court record of his direct appeal— namely, evidence related to an initial statement made by a witness, Rachel Tobin, that he alleges was not disclosed nor revealed to him until October 2022. Doc. 8, PageID 294–95. But, when addressing Petitioner's prior motions, the Sixth Circuit explained that "the state-court record shows that the defense was aware of Tobin's initial statement to police at the time of [Petitioner's] trial," and that his counsel asked Tobin about her statement on cross-examination. *Fikes*, No. 1:20-cv-955-DRC-MRM, Doc. 14 at PageID 170–71. The Sixth Circuit's impressions remained unchanged by Petitioner's subsequent motion and supporting affidavit from his counsel saying counsel did not recall evidence of the initial statement. *Fikes*, No. 24-3357, Doc. 7-1, PageID 3 ("[Petitioner's] motion does not change our prior conclusion that the state-court record shows that the defense was aware of Tobin's initial statement to police at the time of trial."). Given these facts and the law, Petitioner's objections are therefore overruled.

5

Because the petition is second or successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider the petition absent authorization from the Sixth Circuit. Thus, in the interest of justice, this Court will transfer this case and the Petitioner's motions (Docs. 4, 5) to the Sixth Circuit for further adjudication. *In re Smith*, 690 F.3d 809, 810, (6th Cir. 2012).

### IV. CONCLUSION

Accordingly, Petitioner's objections (Doc. 8) are **OVERRULED**, and the Chief Magistrate Judge's R&R (Doc. 6) is **ADOPTED**. Respondent's motion to dismiss successive petition (Doc. 3) is **GRANTED** insofar as this Court finds that the petition qualifies unequivocally as a successive petition. The Court declines to dismiss the petition and will instead transfer the petition, along with Petitioner's motion to dismiss (Doc. 4) and motion for a stay (Doc. 5), to the Sixth Circuit Court of Appeals. The Court therefore **DIRECTS** the Clerk to **TRANSFER** this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

Dated: March 14, 2025

Hon. Jeffery P. Hopkins
United States District Judge